**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ALYSA DONOVAN,<br>        Appellant, | DOCKET NUMBER<br>PH-1221-18-0285-W-1 |
| v. | |
| DEPARTMENT OF DEFENSE,<br>        Agency. | DATE: April 25, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Alysa Donovan</u>, Halifax, Pennsylvania, pro se.

<u>Christine Roark</u>, Esquire, and <u>Jeffrey Csokmay</u>, Esquire, Columbus, Ohio,
    for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the appellant exhausted with the Office of Special Counsel (OSC) her claim that she made one protected disclosure and engaged in one protected activity, and to find that she made a nonfrivolous allegation that she was subjected to a hostile work environment sufficient to constitute a personnel action, we AFFIRM the initial decision.

## BACKGROUND

The appellant is employed as a GS-9 Human Resources Specialist with the Defense Logistics Agency. Initial Appeal File (IAF), Tab 1 at 1. On October 30, 2017, the appellant filed a complaint with OSC alleging that agency officials took several actions against her in retaliation for her participation in an agency Office of Inspector General (OIG) investigation, and as a result of her disclosure to a member of Congress. IAF, Tab 5 at 44-45. On February 9, 2018, the appellant amended her OSC complaint to add a new claim of retaliation as a consequence of receiving a letter of reprimand on or about January 29, 2018; OSC accepted her amended claim on February 12, 2018. *Id*. at 57-61. Having grown frustrated with the amount of time OSC was taking to review her complaint, on March 8, 2018, the appellant asked OSC for a letter setting forth its "current findings and/or the status of [her] complaints for the MSPB." *Id*. at 57. Subsequently, on March 22,

2018, OSC issued a close-out letter providing the appellant with Board appeal rights. *Id*. at 56. On April 19, 2018, the appellant filed the instant IRA appeal alleging that agency officials retaliated against her for participating in an agency OIG investigation into fraud, waste, abuse, and mismanagement. IAF, Tab 1 at 5.

The appellant subsequently filed a request for a "continuance" of the proceedings for a period of 30 to 60 days in order to obtain representation, and submitted a number of documents, including copies of two OSC complaints, an OSC close-out letter, and copies of emails she exchanged with an OSC attorney. IAF, Tab 5 at 4-72. In the provided OSC complaints, the appellant alleged that, on August 8, 2016, she participated in an interview with an agency OIG investigator in response to a complaint filed by a coworker purportedly related to "mismanagement, [fraud, waste, and abuse], and a hostile work environment." *Id*. at 44-45. The appellant also alleged that she provided disclosures to a member of Congress on May 22, 2017, and to the agency's Human Resources (HR) Director on March 21, 2017. *Id*. at 45-48, 54. In reprisal for these purported disclosures and activities, the appellant claimed that she was subjected to adverse actions, retaliation, and was "[r]epeatedly counseled, bullied, harassed, [and] intimidated." *Id*. at 45-46.

The administrative judge issued a jurisdictional order dated May 24, 2018, in which he acknowledged that the appellant appeared to be claiming retaliation because of whistleblowing or other protected activity, informed her of her burden of establishing that she had exhausted her administrative remedies with OSC, and instructed her to submit evidence and argument demonstrating exhaustion and Board jurisdiction over her appeal. IAF, Tab 8. The administrative judge instructed the appellant to file a statement, accompanied by evidence, specifically identifying the following information: (1) her protected disclosures or activities; (2) the dates she made any disclosures or engaged in any protected activities; (3) to whom she made disclosures; (4) an explanation for why her belief in the truth of her disclosures was reasonable; (5) the actions the agency took or failed

to take, or threatened to take or fail to take, because of her disclosures or activities; (6) why she believed any disclosure or activity was a contributing factor in an agency action taken against her; and (7) the date of her complaint to OSC and the date she was notified it was terminating its investigation, or evidence that at least 120 days had passed since she filed her complaint with OSC. *Id*. at 7-8. The order also noted that the agency could file a response within 20 days of the date of the order, and that the record on the issue of jurisdiction would close as of the date the agency's response was due. *Id*. at 8.

Nineteen days later, the appellant filed a second motion requesting a 30-day extension but did not address the administrative judge's order or otherwise address the jurisdictional issue. IAF, Tab 10. The administrative judge issued an order denying the appellant's second request for an extension. IAF, Tab 11. Twelve days later, he issued an initial decision without holding the appellant's requested hearing, dismissing the appeal for lack of jurisdiction. IAF, Tab 12, Initial Decision (ID) at 1, 9.

In the initial decision, the administrative judge determined that, based on the provided evidence, the appellant failed to demonstrate that she exhausted her administrative remedies with OSC regarding the letter of reprimand she received on January 31, 2018, because she elected to challenge the reprimand through the agency's internal grievance procedure, or alternatively, because she withdrew her complaint before OSC could fully investigate this claim. ID at 6, 8. Regarding the appellant's allegation that she was subjected to a hostile work environment in response to her purported disclosures or activities, the administrative judge concluded that the creation of a hostile work environment was not a covered personnel action under the whistleblower protection statutes. ID at 5. Regarding the remainder of the appellant's allegations, the administrative judge concluded that the appellant had proved that she exhausted her administrative remedies with OSC. ID at 6.

After addressing the exhaustion question, the administrative judge determined that the appellant failed to meet her burden of making a nonfrivolous allegation that she made a protected disclosure. ID at 6-7. The administrative judge acknowledged that the appellant submitted a statement to the OIG investigator in connection with her coworker's complaint, and that the appellant alleged that the complaint concerned "mismanagement, (fraud, waste, and abuse), and a hostile work environment." ID at 7. He further noted that, in her OSC complaint, the appellant identified the four main categories of topics addressed in her statement to the OIG investigator as "her personnel actions, Learning Management Systems, team meeting notes, and supplies," but nevertheless concluded that, because the appellant did not articulate her claims with "reasonable clarity and precision," she failed to meet her burden of making a nonfrivolous allegation that she made a protected disclosure in connection with her participation in the OIG investigation. *Id.*

Alternatively, the administrative judge concluded that, even if the appellant met her burden of showing that she made a protected disclosure in connection with her participation in the OIG investigation, she nevertheless failed to demonstrate that her participation was a contributing factor in the agency's decision to take a personnel action. ID at 7-8. Elaborating, the administrative judge determined that, aside from the previously addressed January 31, 2018 letter of reprimand, the only purported personnel action that took place after the appellant provided information to the OIG investigator on August 8, 2016, was the letter of reprimand she received dated June 23, 2017, for being absent without leave. ID at 8; IAF, Tab 6 at 58-60. The administrative judge concluded that, because the appellant had not provided any evidence that the deciding official who issued the June 23, 2017 letter of reprimand had any knowledge of the appellant's participation in the OIG investigation, the appellant failed to demonstrate that her participation was a contributing factor in the agency's decision to issue the letter of reprimand. ID at 8. Having determined that the

appellant either failed to exhaust her administrative remedies with OSC, or failed to make a nonfrivolous allegation that she made a protected disclosure that was a contributing factor in the agency's decisions to take or fail to take any personnel action, the administrative judge concluded that the appellant failed to establish that the Board had jurisdiction over her IRA appeal, and consequently dismissed the appeal. ID at 9.

The appellant has timely filed a petition for review of the initial decision, as well as a supplement to the petition for review, which we have thoroughly considered. Petition for Review (PFR) File, Tabs 1-2. On review, the appellant argues that the administrative judge erred by denying her requests for an extension of time in order to obtain counsel. PFR File, Tab 1 at 5-6. She also argues that the administrative judge erred by determining that she failed to establish Board jurisdiction over her IRA appeal. *Id*. at 6-20. Specifically, the appellant argues that the administrative judge erroneously concluded that she failed to exhaust her administrative remedies with respect to the January 31, 2018 letter of reprimand. *Id*. at 17-19. Additionally, the appellant makes several new vague allegations that she made disclosures or engaged in protected activities dating back to her initial hire with the agency in 2006, and argues that she suffered retaliation as a result of these disclosures or activities. *Id*. at 6-17. The agency has filed a response in opposition to the petition for review, and the appellant has filed a reply. PFR File, Tabs 4-5.

### DISCUSSION OF ARGUMENTS ON REVIEW

In her petition for review, the appellant once again references the "over 5,000 documents" she asserts she provided to OSC, which she argues prove that she met her burden of demonstrating exhaustion, and includes nearly 300 pages of emails and documents that were not part of the record below. IAF, Tab 5 at 58; PFR File, Tab 1 at 25-184, Tab 2. Generally, the Board will not consider evidence submitted for the first time with a petition for review absent a showing

that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). Even though none of these documents qualifies as new evidence, the issue of jurisdiction is always before the Board and may be raised at any time. *Stoglin v. Department of the Air Force*, 123 M.S.P.R. 163, ¶ 7 (2015), *aff'd*, 640 F. App'x 864 (Fed. Cir. 2016).

In OSC's correspondence with the appellant, it acknowledged that she had submitted "over 5,000 pages of documents" with her complaint. IAF, Tab 5 at 58. Here, because the appellant appears to assert that she provided these documents to OSC as a part of her complaint, and because the documents ultimately bear on the dispositive jurisdictional question in this IRA appeal (i.e., whether she has demonstrated that she exhausted her administrative remedies with OSC), we have considered them. *See Scoggins v. Department of the Army*, 123 M.S.P.R. 592, ¶ 9 (2016) (detailing the ways in which an appellant can demonstrate OSC exhaustion); *see also Boechler v. Department of the Interior*, 109 M.S.P.R. 542, ¶ 10 (2008) (observing that the Board has an interest in ensuring that jurisdictional determinations are correct), *aff'd*, 328 F. App'x 660 (Fed. Cir. 2009).

An appellant may establish jurisdiction over her IRA appeal if she proves by preponderant evidence[2] that she exhausted her administrative remedy before OSC and makes nonfrivolous allegations[3] of the following: (1) she made a protected whistleblowing disclosure under 5 U.S.C. § 2302(b)(8) or engaged in protected activity under 5 U.S.C. §2302(b)(9)(A)(i), (B), (C), or (D); and (2) the

---

[2] A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

[3] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. *Lewis v. Department of Defense*, 123 M.S.P.R. 255, ¶ 7 (2016); 5 C.F.R. § 1201.4(s). An allegation generally will be considered nonfrivolous when, under oath or penalty of perjury, an individual makes an allegation that is more than conclusory, plausible on its face, and material to the legal issues in the appeal. *Lewis*, 123 M.S.P.R. 255, ¶ 7; 5 C.F.R. § 1201.4(s).

disclosure or activity was a contributing factor in the agency's decision to take or fail to take, or threaten to take or fail to take, a personnel action.[4]   5 U.S.C. §§ 1214(a)(3), 1221(e)(1); *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016); *see Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001); 5 C.F.R. § 1201.57(a)(1), (b), (c)(1).  The Board generally treats OSC exhaustion as a threshold determination before considering whether the appellant's claims constitute nonfrivolous allegations of protected disclosures or protected activities.   *See Carney v. Department of Veterans Affairs*, 121 M.S.P.R. 446, ¶¶ 4-5 (2014) (stating that the first element to Board jurisdiction over an IRA appeal is exhaustion by the appellant of her administrative remedies before OSC and that the next requirement is that the appellant nonfrivolously allege that she made a made a protected disclosure or engaged in protected activity).   An appellant filing an IRA appeal has not satisfied the exhaustion requirement unless she has filed a complaint with OSC and either OSC has notified her that it was terminating its investigation of her allegations or 120 calendar days have passed since she first sought corrective action.  *Simnitt v. Department of Veterans Affairs*, 113 M.S.P.R. 313, ¶ 8 (2010).[5] Consequently, our analysis will look first to whether the appellant exhausted her administrative remedy with OSC and, if that threshold requirement is met, then to whether she made nonfrivolous allegations that she made a protected disclosure or engaged in a protected activity that was a contributing factor to an agency

---

[4] During the pendency of this appeal, the National Defense Authorization Act for Fiscal Year 2018 (NDAA), Pub. L. No. 115-91, 131 Stat. 1283, was signed into law on December 12, 2017.  Section 1097 of the NDAA amended various provisions of title 5 of the U.S. Code.  Our decision here would be the same under both pre- and post-NDAA law.

[5] The Whistleblower Protection Enhancement Act (WPEA), which went into effect on December 27, 2012, does not affect the relevant holding in this cited authority, nor does it affect the relevant holdings in the other authorities cited herein that were issued prior to the effective date of the WPEA.  *See* Pub. L. No. 112-199, 126 Stat. 1465 (2012). Additionally, all of the relevant events in this appeal occurred after the December 27, 2012 effective date of the WPEA.  Therefore, we have applied the WPEA to this appeal.

personnel action.  *See Salerno*, 123 M.S.P.R. 230, ¶ 5.  Prior to addressing IRA jurisdiction, however, we will address the appellant's claim that the administrative judge abused his discretion by not granting a "continuance" in order for her to obtain legal counsel.

<u>The appellant has failed to show that the administrative judge abused his discretion in denying her request for an extension of time to file her jurisdictional response.</u>

Regarding the appellant's argument that the administrative judge erred by denying her request for an extension of time to file her jurisdictional response in order to obtain counsel, we find no error.  PFR File, Tab 1 at 5-6.  Administrative judges have substantial discretion to rule on motions, 5 C.F.R. § 1201.41(b)(8), and a request for an extension of time may only be granted for good cause, 5 C.F.R. § 1201.55(c); *see Fox v. Department of the Army*, 120 M.S.P.R. 529, ¶ 42 (2014) (explaining that the Board will not reverse an administrative judge's rulings on discovery matters absent an abuse of discretion).

The record reflects that, in a filing dated May 18, 2018, the appellant first stated that she was attempting to obtain representation and requested a "continuance" of 30 to 60 days in order to do so.  IAF, Tab 5 at 4.  On May 24, 2018, the administrative judge issued a jurisdictional order instructing the appellant to file a statement addressing the jurisdictional question within 10 days.  IAF, Tab 8 at 1, 7-8.  Nineteen days later, or 9 days after the deadline set in the administrative judge's order, the appellant once again requested a 30-day extension of time in order to obtain representation, which the administrative judge denied by written order the following day.  IAF, Tabs 10-11.

As the administrative judge observed in the initial decision, by the time the appellant filed her second request for an extension, more than 54 days had elapsed since she filed her initial appeal, and the appellant had not identified any progress in her efforts to obtain representation.  ID at 3.  On review, the appellant has not provided any additional detail about any efforts she made to obtain

representation during the adjudication of her appeal. Additionally, although the administrative judge failed to respond to the appellant's first request for an extension of time, the request was incorrectly identified as a "Designation of Representative Change Request," and, further, more than 30 of the "30 to 60 days" the appellant had originally requested had elapsed by the time the administrative judge finally issued the initial decision, and the appellant had provided no evidence of progress toward obtaining representation. IAF, Tabs 5, 12.

Consequently, we are not persuaded by the appellant's argument that she did not have adequate time in which to obtain representation or to adequately respond to the jurisdictional order. Further, to the extent the appellant suggests that she needed legal representation and that her pro se status hampered her ability to adequately respond to the jurisdictional order, it is well-established that an appellant's inability to retain an attorney does not establish good cause. *See Huskins v. U.S. Postal Service*, 100 M.S.P.R. 664, ¶ 6 (2006) (noting that an appellant's inability to retain or afford an attorney does not establish good cause for a delay in filing); *Dean v. U.S. Postal Service*, 100 M.S.P.R. 556, ¶ 5 (2005) (same). Accordingly, the appellant has not shown that the administrative judge abused his discretion in denying her requests for an extension of time to respond to the jurisdictional order or to obtain representation.

The appellant exhausted with OSC two claims that she made protected disclosures or engaged in protected activities.

In an IRA appeal, the Board may consider only matters that the appellant first raised before OSC. *Mason v. Department of Homeland Security*, 116 M.S.P.R. 136, ¶ 8 (2011). The purpose of the requirement that an appellant exhaust her remedies with OSC prior to filing an IRA appeal with the Board is to give OSC "the opportunity to take corrective action before involving the Board in the case." *Ward v. Merit Systems Protection Board*, 981 F.2d 521, 526 (Fed. Cir. 1992). The whistleblower protection statutory scheme provides that, if OSC finds

that there is a substantial likelihood that the information it received discloses a violation, it "shall transmit the information to the head of the agency involved for investigation and report . . . ." *Id*.; *see* 5 U.S.C. § 1213(b), (c). These inquiries by OSC, and their transmittal to agencies for remedial action, are a major component of OSC's work. *Ward*, 981 F.2d at 526. Thus, the substantive requirements of exhaustion are met when an appellant has provided OSC with a sufficient basis to pursue an investigation that might lead to corrective action. *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 10.

An appellant may demonstrate exhaustion though her initial OSC complaint or correspondence with OSC. *Id.*, ¶ 11. In the alternative, exhaustion may be proved through other sufficiently reliable evidence, such as an affidavit or declaration attesting that the appellant raised with OSC the substance of the facts in the Board appeal. *Id.*; *Mason*, 116 M.S.P.R. 135, ¶ 8 (2011). To establish Board jurisdiction, the appellant must prove exhaustion with OSC by preponderant evidence, not just present nonfrivolous allegations of exhaustion. *Chambers*, 2022 MSPB 8, ¶ 11; 5 C.F.R. § 1201.57(c)(1). In the initial decision, the administrative judge concluded that the appellant exhausted her administrative remedies regarding her disclosures to the agency's HR Director, a member of Congress, and an agency OIG investigator. ID at 2, 5-6.

> *The appellant exhausted with OSC her participation in an agency OIG investigation.*

In her OSC complaint, the appellant alleged that she was interviewed by an OIG investigator in connection with an ongoing investigation on August 8, 2016, and that, in retaliation, the agency took an adverse action, and bullied, harassed, and intimidated her. IAF, Tab 5 at 44-46. Additionally, the appellant specifically identified as a protected disclosure or activity her participation in an OIG investigation initiated by her coworker on August 8, 2016. *Id.* at 44-45. Although the appellant indicated that she included a copy of her August 2016 OIG interview with her petition for review, and included a citation to her

supplemental filing, a copy of her interview was not included in the record. PFR File, Tab 1 at 14, 23 (citing to "(APR), Tab 21," which is not included in the record), Tab 2. Nevertheless, participating in an OIG investigation is considered protected activity under 5 U.S.C. § 2302(b)(9)(C) regardless of whether the complaint was filed in connection with remedying a violation of section 2302(b)(8). *Fisher v. Department of the Interior*, 2023 MSPB 11, ¶ 8 (explaining that disclosing information to an agency's OIG or to OSC is protected under the broadly-worded provision of 5 U.S.C. § 2302(b)(9)(C) regardless of its content). The appellant does, however, include copies of summaries of interviews that she participated in on November 15, 2012, and February 26, 2013, in a different OIG investigation. PFR File, Tab 1 at 144-50. Because the appellant's claim before OSC and the Board specifically related only to her August 8, 2016 OIG interview, we have not considered the November 15, 2012 and February 26, 2013 OIG interviews and we find that the appellant exhausted her claim only as it relates to the August 8, 2016 OIG interview. IAF, Tab 1 at 5; Tab 5 at 44-45. Consequently, we conclude that the appellant has sufficiently demonstrated that she exhausted her claim that she engaged in protected activity by providing an interview in support of an OIG investigation. *See* 5 U.S.C. § 2302(b)(9)(C) (describing as a protected activity "cooperating with or disclosing information to the Inspector General . . . of an agency . . . in accordance with applicable provisions of law").

> *The appellant exhausted with OSC her disclosure to a member of Congress.*

The appellant also has restated her claim that she made a protected disclosure to a member of Congress on May 22, 2017. PFR File, Tab 1 at 16; IAF, Tab 5 at 45. In her supplement to the petition for review, the appellant includes a copy of the letter she sent to a member of Congress detailing her purported disclosures. PFR File, Tab 2 at 93-94. In that letter, the appellant alleges a wide variety of misconduct by agency officials, including the use of

managerial discretion in place of official policy, unfair hiring practices, bullying and harassment, misuse of Government travel cards and Government vehicles, falsifying training data, and a number of other improper actions. *Id.* at 93.

The Board has held that harassment by a supervisor may constitute an abuse of authority. *See Ayers v. Department of the Army*, 123 M.S.P.R. 11, ¶ 14 (2015). The use of unfair hiring practices can also constitute an abuse of authority. *See, e.g., Schaeffer v. Department of the Navy*, 86 M.S.P.R. 606, ¶¶ 9-10 (2000) (holding that the appellants' disclosures that agency officials in charge of a reengineering study conducted it so as to reward friends and punish perceived enemies constituted a nonfrivolous allegation of a disclosure of a violation of law and abuse of authority), *overruled on other grounds by Covarrubias v. Social Security Administration*, 113 M.S.P.R. 583, ¶ 9 n.2 (2010), *overruled on other grounds by Colbert v. Department of Veterans Affairs*, 121 M.S.P.R. 677, ¶ 12 n.5 (2014). Falsifying official training data or records could constitute a violation of law under 18 U.S.C. § 1001(a)(3),[6] misuse of a Government vehicle could constitute a violation of law under 31 U.S.C. § 1349(b),[7] and misuse of a Government travel credit card could constitute a violation of laws, rules, and regulations regarding Government credit cards and travel monies.[8] Based on the appellant's letter to a member of Congress, which the appellant states that she included in her documentation to OSC, we conclude that she has demonstrated that she exhausted her claim with OSC that she made protected whistleblowing disclosures to a member of Congress. *See* 5 U.S.C. § 2302(b)(8)(A); *Ward*, 981 F.2d at 526.

---

[6] *See Luecht v. Department of the Navy*, 87 M.S.P.R. 297, ¶ 13 (2000).

[7] *See Perkins v. Department of Veterans Affairs*, 98 M.S.P.R. 250, ¶ 17 (2005) (finding the disclosure of misuse of a Government-owned vehicle to be a protected disclosure).

[8] *See Shibuya v. Department of Agriculture*, 119 M.S.P.R. 537, ¶ 21 (2013).

*The appellant has not shown that she exhausted with OSC her disclosure to the agency HR Director.*

As previously noted, with her jurisdictional response, the appellant provided copies of two documents she filed with OSC, a Form 12 disclosure she submitted to OSC's Disclosure Unit on May 1, 2017, and a Form 11 complaint of reprisal for whistleblowing she submitted to OSC's Complaints Examining Unit on October 30, 2017. IAF, Tab 5 at 40, 50. In the initial decision, the administrative judge considered the appellant's allegations in both documents in reaching his conclusion that the appellant failed to meet her burden of proving Board jurisdiction. ID at 6-7. As discussed below, that was error.

To satisfy the exhaustion requirement in an IRA appeal, an appellant must show that she exhausted her administrative remedy by filing a complaint with OSC's Complaints Examining Unit. *See Scoggins*, 123 M.S.P.R. 592, ¶ 9. Unlike OSC's Complaints Examining Unit, its Disclosure Unit does not review allegations of prohibited personnel practices—such as claims of reprisal for making protected disclosures or engaging in protected activity—and making a disclosure to the disclosure unit does not satisfy the exhaustion requirement. *See Sabbagh v. Department of the Army*, 110 M.S.P.R. 13, ¶¶ 10-15 (2008); *Clemente v. Department of Homeland Security*, 101 M.S.P.R. 519, ¶¶ 7-13 (2006) (dismissing an IRA appeal for lack of jurisdiction when the appellant failed to show that he filed a complaint with OSC's Examining Unit regarding potential prohibited personnel actions and instead had filed a complaint solely with OSC's Disclosure Unit).

Most of the information the appellant provided in the two documents submitted to OSC is substantially similar. *Compare* IAF, Tab 5 at 40-49, *with id.* at 50-55. However, one of the purported disclosures—the disclosure to the agency HR Director—only appears on the appellant's Form 12 disclosure. *Id.* at 54; ID at 5. Although some of the hundreds of pages of documents the appellant has provided with her petition for review include various

correspondence and references to the agency HR Director, the appellant does not specifically reference this purported disclosure in the narrative portion of her petition for review. PFR File, Tab 1 at 4-20, 25-184, Tab 2 at 5-94. Additionally, none of the correspondence with OSC that the appellant provided below either gives any indication that she amended her Form 11 complaint to include this purported disclosure or makes any reference to the purported disclosure. *See* IAF, Tab 5 at 57-65. Accordingly, we conclude that the appellant has not shown that she exhausted her administrative remedies with OSC regarding her purported disclosure to the agency's HR Director, and we vacate the administrative judge's finding in this regard.[9] ID at 5-6.

In sum, we conclude that the appellant has demonstrated exhaustion with respect to her disclosure to a member of Congress on May 22, 2017, and with

---

[9] For the first time on review, the appellant appears to allege that she was retaliated against for engaging in equal employment opportunity (EEO) activity at some time in 2012. PFR File, Tab 1 at 7-8. The Board has held that engaging in EEO activity is considered protected activity under 5 U.S.C. § 2302(b)(9)(A)(i) only when the activity seeks to remedy whistleblower reprisal under 5 U.S.C. § 2302(b)(8). 5 U.S.C. §§ 1221(a), 2302(b)(9)(A); *Edwards v. Department of Labor*, 2022 MSPB 9, ¶¶ 24-25, *aff'd*, 2023 WL 4398002 (Fed. Cir. July 7, 2023). The appellant's OSC complaint did not include any reference to her purported EEO disclosure, nor do any of the other materials that the appellant provided in response to the administrative judge's order on jurisdiction. IAF, Tab 5 at 40-56. Accordingly, we conclude that the appellant has not provided any evidence that she exhausted any claim of reprisal for EEO activity with OSC. The appellant also appears to suggest for the first time on review that her supervisor and other agency officials retaliated against her after she informed them of her intent to file an OSC complaint. PFR File, Tab 1 at 16. The appellant's assertion that she told the agency that she was planning on reporting whistleblower reprisal to OSC appears to be a claim that she engaged in, or the agency perceived that she engaged in, the protected activity of disclosing information to OSC. 5 U.S.C. § 2302(b)(9)(C); *see Corthell v. Department of Homeland Security*, 123 M.S.P.R. 417, ¶ 12 (2016) (recognizing that an appellant may pursue an IRA appeal on the theory that an agency retaliated against her for its perception that she engaged in activity protected under 5 U.S.C. § 2302(b)(9)(C)), *overruled on other grounds by Requena v. Department of Homeland Security*, 2022 MSPB 39. However, as with her claim of EEO retaliation, the appellant did not include any reference to this claim in her OSC complaint, or in any of the materials she provided to OSC below or on review, and so she has failed to demonstrate that she exhausted this claim with OSC.

respect to her claim that she engaged in protected activity when she participated in an interview with an agency OIG investigator on August 8, 2016.

<u>The appellant failed to show that she exhausted her administrative remedies with OSC regarding three letters of reprimand.</u>

The exhaustion requirement in 5 U.S.C. 1214(a)(3) applicable to whether an appellant made a protected disclosure or engaged in protected activity is applicable also to the purportedly retaliatory personnel actions raised by the appellant so as to preclude the Board from considering a personnel action that was not brought to the attention of OSC. *Mason*, 116 M.S.P.R. 135, ¶ 8. In her OSC complaint, the appellant alleged that she suffered a number of "disciplinary and adverse actions" as a consequence of her disclosures and activities, and stated that she would provide documentation of the personnel actions to OSC. IAF, Tab 5 at 45, 49. In the initial decision, the administrative judge considered the following actions taken against the appellant: (1) a letter of reprimand dated January 31, 2018 for unprofessional conduct and for failure to follow instructions; (2) a letter of reprimand dated March 2, 2017 for issuing a certificate under a coworker's initials; and (3) a letter of reprimand dated June 23, 2017 for absence without leave. ID at 2, 8. We turn now to consideration of each purported personnel action.

*The appellant has not shown that she exhausted with OSC the January 31, 2018 letter of reprimand.*

The Board has held that a letter of reprimand is a personnel action. *E.g.*, *Horton v. Department of Veterans Affairs*, 106 M.S.P.R. 234, ¶ 18 (2007) (stating that a letter of reprimand is a personnel action). As previously noted, in the correspondence with OSC that the appellant provided below, she referenced the January 31, 2018 letter of reprimand, and asked OSC to include it in her complaint. IAF, Tab 5 at 57-60. As the administrative judge correctly observed, the appellant amended her OSC complaint to add this letter of reprimand on February 9, 2018, and subsequently requested to withdraw her OSC complaint on

March 8, 2018. *Id.*; ID at 3. OSC acquiesced to the appellant's request and issued a letter on March 22, 2018, stating that it had not completed its investigation into her claim, but noting that she had requested to pursue her claim with the Board. IAF, Tab 5 at 56.

The appellant subsequently filed the instant Board appeal on April 19, 2018. IAF, Tab 1. At that time, fewer than 120 days had elapsed since the date the appellant amended her OSC complaint to include this letter of reprimand and, therefore, she had not exhausted her administrative remedies with OSC. *See* 5 U.S.C. § 1214(a)(3)(B) (providing that an individual may file an IRA appeal with the Board if 120 days have passed since she first sought corrective action from OSC, and OSC has not notified her that it will seek corrective action on her behalf). As previously noted, the purpose of the exhaustion requirement is to allow OSC to fulfill its important function of taking corrective action before involving the Board in a case. *Ward*, 981 F.2d at 526. Consequently, we conclude that the appellant failed to demonstrate that she exhausted her administrative remedies with respect to the January 31, 2018 letter of reprimand.[10]

> *The appellant has not shown that she exhausted with OSC the March 2, 2017 and June 23, 2017 letters of reprimand.*

Regarding the two other letters of reprimand, dated March 2, 2017, and June 23, 2017, although the administrative judge did not make detailed findings concerning whether the appellant exhausted her remedies with OSC, it appears that he concluded that the appellant exhausted her remedies with OSC, but ultimately determined that she failed to prove that any of her protected disclosures or activities were a contributing factor in the agency's decision to

---

[10] Because we agree with the administrative judge's conclusion that the appellant failed to prove OSC exhaustion with respect to the January 31, 2018 letter of reprimand, we make no findings regarding his alternate conclusion that the appellant made a binding election to challenge the letter of reprimand through the agency's internal grievance procedure. ID at 8.

take either personnel action. ID at 6, 8-9. However, in evaluating these personnel actions, the administrative judge cited copies of the letters of reprimand provided by the agency in its motion to dismiss. ID at 2, 8 (citing IAF, Tab 6 at 56-57, 58). Reviewing the appellant's OSC complaint, although she generally referenced "adverse actions" in her complaint, she never specifically identified the allegedly retaliatory personnel actions that she was challenging, or identified March 2, 2017, or June 23, 2017, as the dates that she suffered personnel actions. IAF, Tab 5 at 40-49. Additionally, the only letter of reprimand the appellant provided with her jurisdictional response is the one dated January 31, 2018. *Id.* at 28-38, 66-68. The appellant does not reference either of the other letters of reprimand in the narrative section of her petition for review, nor does she provide copies of either letter within the voluminous material she included with her petition for review. PFR File, Tab 1 at 4-184, Tab 2. As previously noted, the burden of proving OSC exhaustion rests with the appellant, and the Board may consider only those protected disclosures and activities and those personnel actions that the appellant first raised with OSC. *See Mason*, 116 M.S.P.R. 135, ¶ 8. Based on our review of the record, we conclude that the appellant has failed to meet her burden with respect to the March 2, 2017 and June 23, 2017 letters of reprimand, and we vacate the administrative judge's finding that the appellant exhausted her administrative remedies with OSC with respect to these purported personnel actions.[11]

---

[11] Regarding the number of vague allegations of wrongdoing the appellant raised for the first time in her petition for review dating to the period from her initial hire in 2006, through October 2017, she failed to exhaust these claims with OSC; therefore, we have not considered them. PFR File, Tab 1 at 6-17. If the appellant would like to have these allegations of wrongdoing considered, she may file a new complaint with OSC addressing these allegations consistent with law and regulation.

<u>The appellant made a nonfrivolous allegation that the agency subjected her to a hostile work environment sufficient to constitute a personnel action under 5 U.S.C. § 2302(a)(2)(A)(xii).</u>

The administrative judge also considered and rejected the appellant's claim that she was subjected to a hostile work environment in retaliation for her protected disclosures or activities, concluding that the creation of a hostile work environment was not a covered personnel action. ID at 5. However, after the administrative judge issued his decision, the Board determined that the creation of a hostile work environment may constitute a personnel action under 5 U.S.C. § 2302(a)(2)(A)(xii) to the extent that it represents a significant change in duties, responsibilities, or working conditions. *Skarada v. Department of Veterans Affairs*, 2022 MSPB 17, ¶ 16. To meet this standard, an agency's actions must, "individually or collectively, have practical and significant effects on the overall nature and quality of an employee's working conditions, duties, or responsibilities." *Id.* In determining whether a hostile work environment is present, the Board will consider the totality of the circumstances, including agency actions that may not individually rise to the level of a personnel action. *Id.*, ¶ 18.

In this case, the appellant alleged that agency officials created a hostile work environment through the cumulative effect of a number of agency actions, including the appellant's supervisors setting up meetings for her with little to no notice; subjecting her to repeated counseling, bullying, harassment, and intimidation; failing to promote her; willfully engaging in a lack of transparency; and misusing supervisory positions to encourage employee conflicts. IAF, Tab 5

at 45-46; ID at 2-3.[12] We conclude that the appellant exhausted her claim that the agency created a hostile work environment based on the above allegations. Accordingly, we vacate the administrative judge's finding with respect to the appellant's hostile work environment claim and find that the appellant has made a nonfrivolous allegation that these circumstances comprised a hostile work environment and therefore constitute a personnel action under 5 U.S.C. § 2302(a)(2)(A)(xii). *See Skarada*, 2022 MSPB 17, ¶ 18.

<u>The appellant has not made a nonfrivolous allegation that her disclosures or activities were a contributing factor in the agency's decision to take any of the actions described in her hostile work environment claim.</u>

The next jurisdictional inquiry is whether the appellant has nonfrivolously alleged that a protected disclosure or activity was a contributing factor in the agency's decision to take, fail to take, or threaten to take or fail to take a personnel action. *Salerno*, 123 M.S.P.R. 230, ¶ 5; *see* 5 U.S.C. §§ 1221(e)(1), 2302(b)(8), (b)(9)(A)(i), (B), (C), or (D). To satisfy the contributing factor criterion, an appellant need only raise a nonfrivolous allegation that the fact or content of the protected disclosure or the protected activity was one factor that tended to affect the personnel action in any way. *Salerno*, 123 M.S.P.R. 230, ¶ 13. One way to establish this criterion is the knowledge-timing test, under which an appellant may nonfrivolously allege that the disclosure or activity was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official taking the personnel action knew of the disclosure or activity, and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure or activity was a

---

[12] After the appellant filed her OSC complaint, it appears that, on February 9, 2018, the appellant sought to amend her complaint to include several new claims related to her hostile work environment claim as a consequence of receiving the January 31, 2018 letter of reprimand, telework restrictions, and changes in her job responsibilities and performance elements. IAF, Tab 5 at 61-62. However, as was the case with the January 31, 2018 letter of reprimand, we conclude that the appellant has failed to demonstrate that she exhausted her administrative remedies with OSC with respect to these new claims.

contributing factor in the personnel action.  5 U.S.C. § 1221(e)(1); *see Salerno*, 123 M.S.P.R. 230, ¶ 13.

Because the administrative judge concluded that the appellant's claim that she was subjected to a hostile work environment was not a covered personnel action, he did not consider whether any of the agency officials that the appellant claims subjected her to a hostile work environment had any knowledge of her participation in the OIG investigation.  The paucity of relevant information the appellant provided in her OSC complaint, her correspondence with OSC, and the documents she has included with her petition for review make it exceedingly difficult to discern what she disclosed, to whom, and when, and who was responsible for each of the allegedly retaliatory actions taken against her.  IAF, Tab 5 at 44-48, 57-65; PFR File, Tab 1 at 25-184.

In her OSC complaint, the appellant's discussion of what she told OIG is vague and nonspecific.  She broadly alleged retaliation, stating that she had been "repeatedly subjected to [retaliation] for [her] participation in the DLA IG complaint," but did not specifically state that any of the agency officials that may have been aware of her participation in the investigation were responsible for taking any particular retaliatory action.  IAF, Tab 5 at 45.  In the section of the complaint addressing who had knowledge of her purported disclosures and activities, the appellant identified a number of agency officials that acted in some managerial capacity over her during the period from 2016 to 2017, indicated that "all were aware" of the ongoing OIG investigation, and accused two of the supervisors of using meetings to "further retaliate[e]" against her.  *Id.* at 48.  However, beyond this sparse characterization, the appellant did not offer any specific information linking any of these individuals to any specific retaliatory acts or even identify when they became aware that she had any involvement with the OIG investigation, or how they purportedly learned of her participation in the OIG investigation.  Although some of the agency actions that comprise the appellant's hostile work environment claim may have the requisite temporal

proximity to her participation in the OIG investigation,[13] the appellant failed to identify which agency officials took which of the allegedly retaliatory acts, and so it is impossible to discern whether they are the same officials that she claimed were aware of the ongoing OIG investigation. Similarly, although the appellant asserted that she disclosed information to a member of Congress and identified the date of her disclosure, she did not reference the disclosure anywhere else in her OSC complaint or assert that any agency official was aware of her disclosure. *Id.* at 40-49.

We will not impute knowledge of the appellant's protected disclosures and activities to any agency official based only on a closeness in time between a disclosure or activity and a personnel action that the appellant conclusory alleges was retaliatory. *See Kerrigan v. Merit Systems Protection Board*, 833 F.3d 1349, 1355 (Fed. Cir. 2016) (holding that, even at the jurisdictional phase where the employee's burden is significantly lower than at the merits stage, it is not appropriate to impute knowledge on the part of any agency officials based only on the closeness in timing and the appellant's conclusory allegation that their actions were done in retaliation). Accordingly, we conclude that the appellant failed, under the knowledge-timing test, to nonfrivolously allege that either her OIG interview or her disclosure to a member of Congress was a contributing factor to any of the actions described in her hostile work environment claim. *See Rebstock Consolidation v. Department of Homeland Security*, 122 M.S.P.R. 661, ¶ 12 (2015) (concluding that vague, conclusory, and unsupported allegations do not meet the nonfrivolous allegation jurisdictional standard for whistleblower retaliation claims); *see also Stiles v. Department of Homeland Security*, 116 M.S.P.R. 263, ¶ 23 (2011) (finding that the appellant failed to establish contributing factor through the knowledge-timing test where he failed to show

---

[13] Even this is difficult to discern, given that the appellant does not provide dates for when the allegedly retaliatory actions took place. IAF, Tab 5 at 45-48.

that any of the officials involved in his nonselection were aware of his protected disclosure).

The knowledge-timing test is not the only way for an appellant to satisfy the contributing factor element. 5 U.S.C. § 1221(e)(1); *see Stiles*, 116 M.S.P.R. 263, ¶ 24. If the appellant fails to satisfy that test, we must consider other evidence, such as that pertaining to the strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing was personally directed at the proposing or deciding officials, and whether those individuals had a desire or motive to retaliate against the appellant. *Id.* Here, even if we are to take at face value the appellant's claim that the individuals she identified in her OSC complaint were aware of her OIG interview, her conclusory allegation that these individuals retaliated against her, without any degree of specificity, does not meet the nonfrivolous pleading standard required to establish jurisdiction in an IRA appeal, *see El v. Department of Commerce*, 123 M.S.P.R. 76, ¶ 6 (2015) (stating that vague, conclusory, unsupported, and pro forma allegations of alleged wrongdoing do not meet the nonfrivolous pleading standard needed to establish the Board's jurisdiction over an IRA appeal), *aff'd*, 663 F. App'x 921 (Fed. Cir. 2016); *Keefer v. Department of Agriculture*, 82 M.S.P.R. 687, ¶ 10 (1999), and she also has failed to nonfrivolously allege that those individuals had a motive to retaliate against her.

We conclude therefore that the appellant failed to nonfrivolously allege that she made a protected disclosure or engaged in protected activity that was a contributing factor in a covered personnel action. Consequently, we affirm the initial decision dismissing the appeal for lack of Board jurisdiction, as modified by this Final Order.

## NOTICE OF APPEAL RIGHTS[14]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[14] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[15]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[15] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.